stated in *Johnson,* cases such as *Schlenger* 'were not intended to cover situations in which more than one offense arises from a series of closely related acts and the crimes are clearly distinct and require different elements of proof.' (44 Ill.2d at 475; see also *People v. Raby* (1968), 40 Ill.2d 392; *People v. Harper* (1972), 50 Ill.2d 296.)" 60 Ill.2d 1, 14-15, 322 N.E.2d 819, 826-27.

In the case before us we have two distinct, separate offenses arising out of the series of events occurring at approximately the same time. The first offense was the armed robbery committed against the proprietor of the liquor store and the second offense was the attempt murder of the police officer. These are two separable offenses and the conviction and sentence for the two offenses is proper. We therefore affirm.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.

*In re* JEFFREY DURBIN, a Minor.—(VIOLA DAVIS, Appellant.)

(No. 75-103;

Second District (1st Division)—July 11, 1975.

Opinion by Mr. JUSTICE GUILD.

Richard D. Schiller, of Aurora, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for appellee.